**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

|  |  |
|---|---|
| Matthew Travis Houston, | Case No. 2:22-cv-01748-APG-DJA |
| Plaintiff, | |
| v. | **Order**<br>**&**<br>**Report and Recommendation** |
| Sheriff Joe Lombardo, et al., | |
| Defendants. | |

Before the Court is Plaintiff Matthew Travis Houston's "emergency objection," which consists of a renewed application to proceed *in forma pauperis* (ECF No. 26); emergency motion for recusal (ECF No. 27); and notice of objection and motion to reopen case (ECF No. 28). The Court denies Plaintiff's *in forma pauperis application*—filed as an "emergency objection"—and denies Plaintiff's emergency motion for recusal. The Court recommends denying Plaintiff's notice of objection and motion to reopen case.

**I.     Discussion.**

   *A.     Plaintiff's "emergency objection."*

   Plaintiff's "emergency objection" does not explain which ruling Plaintiff is objecting to. It is also not a motion or objection, but a renewed application to proceed *in forma pauperis*. However, Plaintiff's case was dismissed and closed in January of 2023, mooting his application to proceed *in forma pauperis*.  (ECF No. 21). The Court thus denies Plaintiff's *in forma pauperis* application, filed as an "emergency objection," as moot.

   *B.     Plaintiff's emergency motion for recusal.*

   Plaintiff's emergency motion for recusal appears to seek the recusal of the undersigned. However, Plaintiff does not outline his reasons for seeking the undersigned's recusal. A motion to disqualify a judge under 28 U.S.C. § 144 requires the party to file a legally sufficient affidavit

1   alleging facts supporting the claim that the judge is biased or prejudiced against the movant. *See*

2   *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Because that is lacking here, and

3   because the undersigned finds no basis for recusal under 28 U.S.C. § 455, the Court denies the

4   motion.

5         **C.     *Plaintiff's notice of objection and motion to reopen case.*[1]**

6         The Court recommends denying Plaintiff's motion to reopen his case. Although not

7   mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought

8   under Rules 59 and 60. Rule 59(e) provides that any motion to alter or amend a judgment shall

9   be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule

10   59(e) motion for reconsideration should not be granted "absent highly unusual circumstances,

11   unless the district court is presented with newly discovered evidence, committed clear error, or if

12   there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos*

13   *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v.*

14   *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

15         Under Rule 60(b), a court may, upon motion and just terms, "relieve a party ... from a

16   final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A

17   judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject

18   matter, or of the parties, or if the court acted in a manner inconsistent with due process of law."

19   *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b),

20   a court may relieve a party from a final judgment, order or proceeding only in the following

21   circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

22

23

24

25

26

27

28

---

[1] Plaintiff's notice of objection and motion to reopen case are improperly filed as a single document. (ECF No. 28). *See* Nevada Local Rule IC 2-2(b) ("[f]or each type of relief requested or purpose of the document, a separate document must be filed…"). To the extent Plaintiff separately seeks relief through his objection, Plaintiff's objection has already been rejected. Plaintiff's objection refers to the Court's report and recommendation that Plaintiff's case be dismissed. (ECF No. 11). However, Plaintiff already filed an objection to that report and recommendation. (ECF No. 14). And the Honorable District Judge Andrew P. Gordon considered that objection and nonetheless adopted the report and recommendation. (ECF No. 21).

1    evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other

2    reason justifying relief from the judgment.  *See* Fed. R. Civ. P. 60(b); *Agha-Khan v. Mortgage*

3    *Electronic Registration Systems, Inc.*, No. 2:17-cv-02739-GMN-DJA, 2021 WL 811445, at *2

4    (D. Nev. Jan. 19, 2021).  Rule 60(b) relief should only be granted under "extraordinary

5    circumstances."  *Buck v. Davis*, 580 U.S. 100, 123 (2017).

6             Here, Plaintiff does not identify the rule under which he brings his motion to reopen his

7    case.  If it is under Rule 59, his motion is untimely.  And even if it were timely, Plaintiff has not

8    demonstrated highly unusual circumstances to warrant reopening his case.  Plaintiff vaguely

9    references his current housing situation and his poverty, but does not otherwise explain why those

10   circumstances are highly unusual in relation to his motion to reopen his case.

11            If Plaintiff brings his motion under Rule 60(b), he has not established the grounds on

12   which the judgment is void.  Although Plaintiff states that there were jurisdictional issues with the

13   removal of his state case to federal court, Plaintiff is referencing a different case.  Plaintiff

14   initiated the instant case in federal court through an application to proceed *in forma pauperis*.

15   The instant case was not removed from state court.  Plaintiff also fails to demonstrate any of the

16   circumstances under Rule 60(b) under which he might be entitled to relief from final judgment in

17   this case.  The court thus recommends that Plaintiff's motion to reopen his case be denied.

18

19                                              **ORDER**

20            **IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* application, filed as

21   an "emergency objection" (ECF No. 26), is **denied as moot.**

22            **IT IS FURTHER ORDERED** that Plaintiff's emergency motion for recusal (ECF No.

23   27) is **denied.**

24                                         **RECOMMENDATION**

25            **IT IS RECOMMENDED** that Plaintiff's motion to reopen his case (ECF No. 28) be

26   **denied.**

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 24, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE